UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Barrie Drazen, Harry Rosen House, LLC., Harry Rosen House Foundation, Inc. and John Does One Through Fifteen<br><br>Plaintiffs<br><br>v.<br><br>The Town of Stratford<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:  3:09CV896 (WWE)<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT**

Plaintiffs are the owner, operator and residents of a sober living home known as Harry Rosen House located in Stratford, CT. They bring this action for declaratory and injunctive relief and damages based on the Town of Stratford's violations of the Fair Housing Amendments Act of 1988 and Title II of the Americans with Disabilities Act of 1990. Defendants have prohibited the residents of Harry Rosen House from using a building on their property to meet with guests, a restriction imposed on no other household in the Town of Stratford. Defendants imposed this restriction based on stereotypes about people in recovery from substance abuse and in response to the complaint of a neighbor hostile to the location of a sober house next door to his property. Plaintiffs, at great financial cost, exhausted all non-judicial avenues to appeal this restriction and repeatedly requested that Defendants rescind their discriminatory policy but Defendants have refused. Plaintiffs therefore seek a declaratory judgment that Defendants' conduct violates their civil rights, an injunction prohibiting Defendants from discriminating against them and lifting the restriction on their use of their property, compensatory and punitive damages and attorney's fees and costs.

## II. **PARTIES**

1.  Harry Rosen House, LLC, owns the property at 859 East Broadway in Stratford, Connecticut which Harry Rosen House Foundation, Inc., a 501(c)(3) organization (collectively hereinafter "HRH") leases the property to provide sober living opportunities within the Town of Stratford. The property located at 859 East Broadway is known as Harry Rosen House.

2.  Barrie Drazen is the President of HRH.

3.  John Does One through Fifteen are the disabled residents of Harry Rosen House. To be a resident of Harry Rosen House, one must be in recovery from drug or alcohol addiction and therefore a person with a disability under the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1992.

4.  Defendant Town of Stratford is a Connecticut municipality. The Town of Stratford receives federal funding from the Department of Housing and Urban Development through the Community Development Block Grant Program. The Town of Stratford Board of Zoning Appeals ("BZA") is responsible for interpreting and enforcing the Town of Stratford's zoning code.

## III.   **JURDICTION AND VENUE**

5.  This court has subject matter jurisdiction of the federal claims asserted in this action under 28 U.S.C. §§1331, 1343(a)(4) and 42 U.S.C. §3613. Declaratory judgment and injunctive relief for Plaintiff OPA are authorized by 28 U.S.C. §§2201-2202.

6.  This court is an appropriate venue for the federal claims asserted because all parties are incorporated, based, or domiciled in Connecticut. Thus, this court will prove sufficiently convenient for all parties. 28 U.S. C. §1391(b).

## IV. LEGAL FRAMEWORK

7. In 1988, Congress amended the Fair Housing Act, 42 U.S.C. §3601 et seq., to extend the guarantee of fair housing to handicapped individuals. Congress also authorized the Secretary of the United States Department of Housing and Urban Development to promulgate regulations to implement the Fair Housing Act. 42 U.S.C. §3614a.

8. Under the Fair Housing Act, the term "handicap" means, with respect to a person, a "physical or mental impairment which substantially limits one or more of such person's major life activities, a record of such an impairment, or being regarded as having such an impairment." 42 U.S.C. §3602(h). The term "physical or mental impairment" includes "alcoholism" and "drug addiction (other than addiction caused by current, illegal use of a controlled substance)." 24 C.F.R. §100.201.

9. The Fair Housing Act further provides that it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of the handicap of that person or persons residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. §3604(f)(2).

10. The federal regulations implementing the Fair Housing Act specifically prohibit, as a discriminatory activity, providing municipal services differently because of handicap. 24 C.F.R. §100.70 (d)(4).

11. The Americans with Disabilities Act requires that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the

benefits of the services, program, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. §12132.

12. The federal regulations implementing the Americans with Disabilities Act prohibit a public entity from administering a licensing program in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability, nor may a public entity establish requirements for the programs or activities of licensees that subject qualified individuals with disabilities to discrimination on the basis of disability. 28 C.F.R. §35.130(6).

## V. STATEMENT OF FACTS

13. Harry Rosen House is a 9 bedroom house located at 859 East Broadway, Stratford, CT. It is a sober house. It is home to seventeen individuals, each of whom is a person in recovery from substance abuse. Each resident agrees to abide by a set of house rules which requires, *inter alia*, that he maintain abstinence from alcohol or drug use. The property is operated under the auspices of Plaintiff HRH.

14. Plaintiff Barrie Drazen is the founder and president of HRH. Mr. Drazen is in recovery from alcoholism. In 1997, he purchased the property located at 859 East Broadway, Stratford, CT to provide sober housing to people in recovery from substance abuse. He named it Harry Rosen House after his grandfather. At the time of purchase, the property included the main house and an historic out-building known as "the Meeting House." The prior owner operated the property as a permitted rooming house. Mr. Drazen has renewed the rooming house permit year to year since he purchased the property. Renewal of this license requires an annual inspection by the building, fire and health departments of the Town of Stratford.

15. The Meeting House was a two story building that the previous owner had rented to a local charitable organization for many years.

16. HRH began operation as a sober house in 1998. From the start, HRH used "the Meeting House" to hold weekly Twelve Step meetings. Twelve Step meetings are an integral part of the recovery process for many individuals addicted to drugs and alcohol. These meetings are typically attended by house residents and alumni, and their sponsors, individuals who have achieved a sustained period of recovery who provide support and guidance to other recovering addicts. Mr. Drazen at times also attended these meetings.

17. From 1998 to 2007, neither HRH nor Mr. Drazen ever received any complaints about the meetings held on the property.

18. In May, 2007, the Meeting House was destroyed in a fire. Mr. Drazen and HRH immediately applied for a permit to rebuild the structure. Because the property is located in an historic district, Mr. Drazen and HRH had to submit their plans for review before the historic district commission. Based on this review, they were required to rebuild the structure in exacting detail to recreate the original appearance of the Meeting House. The plans submitted by Mr. Drazen and HRH were approved by the historic commission.

19. After receiving approval from the historic commission, Mr. Drazen and HRH submitted the plans to the building department. The original building plans included the construction of a kitchen, bathroom and central heating and cooling. The building department informed Mr. Drazen and HRH that the building could not be used as a domicile and directed them to remove the bathroom and kitchen from the design. They complied.

20. Mr. Drazen signed and submitted an application for a building permit stating the requested purpose as "rebuild pre existing carriage house." The Town of Stratford building

department approved the plans and issued a building permit with no restrictions in September 2007.

21.     At some point, after he had signed and submitted the application, and outside of his presence or knowledge, an employee of the Town of Stratford appended to the description of work a notation "for garage and storage only."

22.     At all times during this process, Mr. Drazen and HRH intended that the reconstructed building would be used for meetings as it traditionally had been for many years.

23.     During construction, the Town of Stratford conducted numerous building and fire inspections.  During an inspection by the Fire Marshall he requested that HRH include additional fire safety measures intended to facilitate evacuation of individuals from the structure in the event of a fire.  Although not required under the fire code, Mr. Drazen and HRH agreed to incur substantial additional costs to add these measures when directed to by the building inspector.  These alterations included, adding a three foot landing at the top and bottom of the internal stair case, installing a fire door at the top of the stairs and a larger fire door at bottom of the stairs, and rerouting electrical and duct work at a cost of more than $5,000.

24.     Mr. Drazen completed, signed and submitted an application for zoning compliance which described the property use as "preexisting barn/meeting house."

25.     At some point during the construction of the structure, Fred Wills, a neighboring property owner complained to the zoning officer, John Ruzatsky about the residents of Harry Rosen House having Twelve Step meetings in the Meeting House.  He also confronted Mr. Drazen and stated that he did not want addicts next door to him because it would devalue his property.

26. Once HRH's contractors completed construction of the Meeting House the City conducted final inspections. The building passed all inspections by May, 2008.

27. Mr. Drazen submitted an application for a certificate of occupancy from the building department. At this time, the zoning officer Rusatsky, forwarded the zoning compliance application to the building department with the notation that the building was "* <u>To be used for storage only</u> owner informed any meetings in the building would be in violation of zoning." (Emphasis in original).

28. Nothing in the Town of Stratford zoning code defines meetings or prohibits the use of an out-building for meetings. The zoning officer has no legal authority to impose such a restriction.

29. Based on the zoning officer's representation, the building official issued a certificate of occupancy which stated "FOR STORAGE ONLY, NOT APPROVED FOR MEETINGS."

30. HRH appealed the limitation on the Certificate of Occupancy to the State Building and Codes review panel which upheld the building official's action on the basis that the building official considered himself constrained by the zoning officer Rusatsky's notation.

31. In May 2008, HRH appealed zoning officer Rusatsky's decision to limit the use of the building "for storage only" to the Board of Zoning Appeals ("BZA"). HRH asked that the BZA overrule the zoning officer because he lacked legal authority to impose such a restriction. In the alternative, HRH also requested that the BZA remove the restriction as a reasonable accommodation of the disabilities of the residents of the sober house.

32. The BZA conducted a public hearing at which some neighbors expressed opposition to the application because they opposed having a sober house in a residential

neighborhood. Following the public hearing, the BZA reversed the zoning officer and removed the restriction but imposed a new condition that the building could be used for meetings by the residents of the property only and not after 9 p.m.

33. The BZA never responded to HRH's request for a reasonable accommodation.

34. On December 1, 2008, HRH requested that the BZA reconsider the restrictions it imposed on the certificate of occupancy. In addition to challenging the BZA's legal authority to impose such a restriction, HRH asked that the BZA remove the restriction as a reasonable accommodation of the disabilities of the residents of the property.

35. By letter dated December 4, 2008, the BZA denied HRH's petition. It did not address the request for a reasonable accommodation or identify why the request would be unreasonable or represent an undue burden or result in a fundamental alteration.

36. The Town of Stratford has effectively denied HRH's request for reasonable accommodation.

37. Defendants have imposed restrictions on Plaintiffs' use of their property it does not impose on any other residents of the Town of Stratford.

38. Defendants' actions are based on hostility toward and stereotypes about people with disabilities.

39. The effect of Defendant's actions has been to prevent Plaintiffs from enjoying the privileges of their property and the facilities connected therewith.

40. Plaintiffs are aggrieved persons under the Fair Housing Amendments act of 1988, 42 U.S.C. Section 3602(d) and (I) who have been injured by Defendant's discriminatory conduct and have suffered damages, economic loss, including but not limited the cost of legal fees to administratively challenge Defendant's improper actions, and a loss of civil rights.

41.     The premises described in the aforementioned paragraphs is a dwelling within the meaning of section 802(b) of the Fair Housing Act, 42 U.S.C. Section 3602(b).

42.     The Town of Stratford is treating the residents of Henry Rosen House in a discriminatory fashion by imposing far more stringent zoning and land use requirements on this group of unrelated disabled individuals living together than it imposes upon individuals living together who are related by blood or marriage or other groups of unrelated nondisabled persons.

43.     The Town of Stratford has acted under color of state law in failing to affirmatively further fair housing in its code enforcement activities with the purpose and effect of discriminating against Plaintiffs solely because of their handicap, and applying those codes so as to deny Plaintiffs the residential opportunities available to persons related by blood, marriage or adoption, or other groups of similarly situated unrelated persons.

44.     Defendant Town of Stratford has failed to affirmatively further fair housing in the administration and application of its zoning and building codes.

## VI.     CLAIMS FOR RELIEF

## COUNT I

## FAIR HOUSING ACT

45.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 44 above.

46.     Defendants are violating Plaintiffs' rights under the Fair Housing Act, 42 U.S.C. §3601, et. seq, and its implementing regulations by:

   a.     discriminating against Plaintiffs because of their handicap in the terms, conditions, and privileges of residing at the 859 East Broadway and in the provision of services and facilities in connections with those dwellings;

b.     providing its municipal code enforcement services differently to Plaintiffs because of their handicap;

c.     coercing, intimidating, threatening, and interfering with Plaintiffs because of the handicap of the residents of 859 East Broadway in the exercise and enjoyment of their right to reside in the dwelling of their choice ;

d.     failing to make reasonable accommodations in the application of its zoning code to afford Plaintiffs an equal opportunity to use and enjoy the dwelling of their choice within the borders of the City of Stratford .

## COUNT II

## AMERICANS WITH DISABILITIES ACT

47.    Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 46 above.

48.    Defendants are violating Plaintiffs' rights under the Americans with Disabilities Act, 42 U.S.C. Sections 12101, et. seq, and its implementing regulations by:

a.     discriminating against Plaintiffs because of the handicap of the residents of 859 East Broadway, in the terms, conditions, and privileges of residing in at 859 East Broadway dwelling and in the provision of services and facilities in connections with those dwellings;

b.     utilizing licensing and permit requirements to provide municipal code enforcement services that are not equal to groups of related non disabled persons and groups of unrelated disabled persons who are not recovering alcoholics and drug addicts;

c.     utilizing licensing and permit requirements to provide municipal code enforcement services that are not as effective in affording equal opportunity to obtain the

same benefit, as groups of related non disabled persons and groups of unrelated disabled persons who are not recovering alcoholics and drug addicts;

d.      providing its municipal code enforcement services differently to Plaintiffs because of the handicap of the residents of 859 East Broadway;

e.      utilizing licensing and permit requirements which are not imposed upon groups of related non disabled persons, to deny Plaintiffs, because of the handicap of the residents of 859 East Broadway, the enjoyment of any rights, privilege, advantage, or opportunity;

f.      failing to modify or waive enforcement of rules, regulations, codes, or policies as a reasonable accommodation to Plaintiffs' disabilities.

**WHEREFORE**, Plaintiffs pray that the Court award them the following relief:

1.      Enter a temporary restraining order and/or preliminary and permanent injunctions restraining Defendants from taking actions to enforce the restriction imposed on the certificate of occupancy for the accessory building located at 859 East Broadway;

2.      Enter a declaratory judgment that Defendant Town of Stratford has illegally discriminated against Plaintiffs by arbitrarily and capriciously applying it Zoning Regulations to the use of the property located at 859 E. Broadway by a group of recovering alcoholics and addicts, thereby interfering with Plaintiffs' equal opportunity to use and enjoy a dwelling on the basis of handicap, in violation of the Fair Housing Act;

3.      Enter a permanent injunction enjoining the Town of Stratford, its officers, employees, agents, attorneys and successors, and all persons in active concert or participating with any of them, from interfering with the use of the property at 859 E. Broadway as a home for recovering alcoholics and substance abusers, and/or from interfering in any way with the rights of the Plaintiffs to use and enjoy the premises;

4. Enter an order declaring that Plaintiffs' use of 859 E. Broadway is consistent with classification of the zoning ordinances of the Town of Stratford and requiring the Town of Stratford to apply all zoning and building codes to Plaintiffs' use of 859 E. Broadway in the same manner as it does to all other dwellings;

5. Award compensatory damages;

6. Award of reasonable costs and attorneys fees;

7. Order other such other relief as the Court deems just and proper.

Respectfully submitted,

_____
Greg Kirschner (ct26888)
The Connecticut Fair Housing Center
221 Main Street, Suite 401
Hartford, CT 06106
(860) 263-0724
(860) 247-4236 (fax)
greg@ctfairhousing.org